UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN S. HART,

        Plaintiff,

    v.

GOOGLE INC.,

        Defendant.

Case No. 25-cv-03450-EKL

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Stephen S. Hart, a state prisoner at New Castle Correctional Facility proceeding pro se, filed the instant lawsuit against Defendant Google Inc. alleging violations of its terms of service. *See* ECF No. 1. He also filed a motion to proceed in forma pauperis, which the Court defers ruling on until after Hart responds to this Order. *See* ECF No. 2.

In his complaint, Hart alleges that he and Google Inc. are residents of California. ECF No. 1 at 1. Hart also alleges that the Court has jurisdiction over the matter because he is "suing for a violation of federal law under 28 U.S.C. § 1331." ECF No. 1 at 4. However, the body of the complaint does not identify any applicable federal statutes and instead states that Google Inc. "fell short of its contractu[al] terms of use and privacy statements which Google guarantees its users and subscribers" by allowing his accounts, to be breached. *Id.* at 3.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.

2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction").

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(1)-(2).

As Hart appears to allege only a contract claim, and he states that the parties are both residents of California, jurisdiction appears to be lacking. Accordingly, Hart is ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of jurisdiction. Hart shall file a written response to this Order within **twenty-eight (28) days** of the date this order. Failure to respond will result in the dismissal of this matter without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: September 30, 2025

Eumi K. Lee
United States District Judge